IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION OF THE )
PECOS INDEPENDENT SCHOOLS )
                                                                           )
         **Plaintiff,** )
                                                                  )
v. )   Case No. 10-cv-00199-RB-LFG
                                                                  )
CHRISTINE and LEROY PADILLA, )
on behalf of R.Q., a minor, )
                                                                  )
         **Defendants.** )

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaim. (Doc. 15.) Plaintiff requests the Court dismiss Defendants' Counterclaim for Review of Final Decision of the Impartial Due Process Hearing Officer (Doc. 12) because the thirty-day statute of limitations for filing a civil action for review of the due process hearing officer's decision expired prior to the filing of Defendants' counterclaim. Having reviewed the parties' memoranda, the relevant case law, and otherwise being fully informed, the Court denies Plaintiff's Motion to Dismiss, as the filing of Plaintiff's Complaint (Doc. 1) stopped the running of the thirty-day statute of limitations with regard to Defendants' compulsory counterclaim.

**II.**     **FACTUAL AND PROCEDURAL BACKGROUND**

RQ is a minor residing in San Miguel County, New Mexico in the Pecos Independent School District. Accordingly, the Board of Education of Pecos Independent Schools (Pecos School Board) is the local educational agency responsible for providing RQ with educational services. RQ has significant hearing loss. At the age of three, she had cochlear implants placed in both ears. Due to her disability, RQ qualifies for free appropriate public education under the Individuals with Disabilities Education Act (IDEA), and the Pecos Independent School District is required to develop

an individualized education plan (IEP) to assist in RQ's education and development.

From 2004 through November 2008, the Pecos School Board and RQ's grandparents and legal guardians, Christine and Leroy Padilla, agreed that RQ would attend the Presbyterian Ear Institute (PEI), a private school in Albuquerque, New Mexico.  During this time, the Pecos School Board agreed to pay RQ's transportation expenses.  In November 2008, however, the Pecos School Board indicated that it would stop paying RQ's transportation.

The Padillas filed a due process hearing complaint in December 2008.  This first complaint was settled through mediation, however, a second due process hearing complaint was filed in October 2009.  A Decision of the Due Process Hearing Officer (Doc. 12-1) was entered on February 4, 2010.  In this Decision, the Due Process Hearing Officer ordered (1) that RQ's grandparents be reimbursed for transportation expenses through December 31, 2009; (2) that RQ be transitioned into a mainstream elementary school; (3) that RQ be monitored to determine her functioning and performance in the mainstream educational setting; and (4) that the Pecos School District schedule another IEP conference for RQ on or before September 2010 with Ms. Gallegos of the NM School for the Deaf and Dr. Epstein of PEI in attendance. (Doc. 12-1 at 20–21.)  Both the Pecos Board of Education and the Padillas challenge this Decision.

On March 5, 2010, the Pecos School Board (Plaintiff) filed a Complaint (Doc. 1) seeking a review of a the Decision of the Due Process Hearing Officer.  On April 12, 2010, the Padillas (Defendants) filed an Answer and a Counterclaim (Docs. 11 & 12) also seeking review of the Decision of the Due Process Hearing Officer.  Defendants' counterclaim was filed more than thirty days after the parties received the Decision of the Due Process Hearing Officer; thus, Plaintiff argues Defendants violated the statute of limitations for filing a civil action for review of a due process hearing officer's decision and their counterclaim should be dismissed. (Doc. 15.)

**III.   ANALYSIS**

Plaintiff requests that this Court dismiss Defendants' counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because this Court lacks subject matter jurisdiction and/or Defendants failed to state a claim upon which relief can be granted as Defendants' counterclaim was untimely under 20 U.S.C. § 1415(i)(2) and N.M. CODE R. § 6.31.2.13(I)(25)(a). (Doc. 15.) Section 1415 establishes procedural safeguards that state educational agencies receiving federal funding for children with disabilities are required to follow with respect to the provision of educational services. One of the procedural safeguards established by this statute is that the parents of a disabled child may file a due process complaint with an impartial due process hearing officer "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." § 1415(b).

When a complaint is filed, the state or local educational agency is required to hold a hearing; a due process hearing officer then makes findings of fact and conclusions of law and provides the parties with a decision. § 1415(f). If the hearing is conducted by a local educational agency, the aggrieved parties may appeal the decision to the state educational agency. § 1415(g). Once the aggrieved parties have exhausted their administrative remedies with the state educational agency, they have the right to bring a civil action in any state court of competent jurisdiction or in a United States district court; however, this action must be filed within "90 days from the date of the decision of the hearing officer . . . , or, if the State has an explicit time limitation . . . , in such time as that State allows." 20 U.S.C. § 1415(i)(2)(B). The New Mexico Administrative Code provides that "[a]ny party aggrieved by the decision of a hearing officer in an IDEA matter has the right to bring a civil action in a state or federal district court . . . within 30 days of the receipt of the hearing officer's decision by the appealing party." N.M. CODE R. § 6.31.2.13(I)(25)(a). Accordingly, the

Pecos School Board argues that Defendants' counterclaim must be dismissed because it was filed more than thirty days after the receipt of the Decision of the Due Process Hearing Officer. (Doc. 15.)

In their Response (Doc. 22), Defendants argue that their counterclaim was compulsory, and under federal law, the applicable statute of limitations is tolled with regard to a compulsory counterclaim.[1]  Thus, Defendants argue that their counterclaim was timely filed because the statute of limitations stopped running when Plaintiff filed its complaint on March 5, 2010.[2]  By the plain language of N.M. CODE R. § 6.31.2.13(I)(25)(a), an aggrieved party has thirty days from receipt of the due process hearing officers decision to file a civil action.  Consequently, whether or not Defendants' counterclaim was filed in violation of the statute of limitations depends on whether it may properly be considered an "action."  If it is an action, then the claim is barred by the thirty-day statute of limitations, if not, then the counterclaim was properly asserted within the time allotted under the Federal Rules of Civil Procedure for the filing of a responsive pleading.

This Court is not the first to address this issue. *See Jonathan H. v. Souderton Area Sch. Dist.*, 562 F.3d 527 (3d Cir. 2009); *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380 (4th Cir. 2000).

---

1. Under Federal Rule of Civil Procedure 13(a)(1)(A), a counterclaim is compulsory if it arises out of the same transaction or occurrence that is the subject of the plaintiff's claim.  Plaintiff does not assert that Defendants' counterclaim is not compulsory.

2. In its memorandum, Plaintiff states that the Decision was e-mailed and sent by certified mail to the parties on February 4, 2010, and that this is the date which should be used to determine when the statute of limitations began to run. (Doc. 15 at 2.)  If this date is correct, by the Court's calculations, it appears that Plaintiff's complaint may have been filed thirty-one days after the parties' receipt of the Decision of the Due Process Hearing Officer.

There is, however, some confusion regarding when the statute of limitations started running.  Page 1 of the Decision bears the date of Feb. 4, 2010. (Doc. 12-1 at 1.)  Page 2 states that it "was entered on February 8, 2010." (Doc. 12-1 at 3.)  On page 20, the signature page, it states the Decision was entered February 4, 2010. (Doc. 12-1 at 21.)  And on page 21, it states that it was sent by certified mail on Feb. 4, 2010 and e-mailed to all counsel on Feb. 8, 2010. (Doc. 12-1 at 22.)

Under N.M. CODE R. § 6.31.2.13(I)(25)(a), the thirty-day period is counted from the "receipt" of the Decision.  The Decision also specifically states that the parties have thirty days to file a civil action from the "receipt of this Decision by the appealing party by certified mail." (Doc. 12-1 at 21.)  Thus, it appears the clock started running when the parties received the Decision by certified mail; however, there is no indication in the record before the Court when the parties actually received the Decision by certified mail.

In the end, Defendants do not contest the timeliness of Plaintiff's complaint, and therefore, the Court will assume that the complaint was filed within the thirty-day time period allowed by the statute of limitations.

4

In *Kirkpatrick*, the Fourth Circuit wrestled with the issue of whether a complaint filed by an aggrieved party with a federal district court under the IDEA should be characterized as an original civil action or as an appeal. 216 F.3d at 383. In the end, the Fourth Circuit concluded that it was properly characterized as a civil action. *Id*. The significance of this conclusion was that, as a civil action before the federal district court, the Federal Rules of Civil Procedure governed the proceedings. Under the Federal Rules of Civil Procedure, an action is "initiated by a complaint and responded to by an answer, counterclaim, or motion to dismiss." *Id*. at 387. Consequently, the counterclaim constituted a responsive pleading. As such, the period in which the defendant had to file the claim was tolled from the time of the filing of the complaint. *Id.* 388. Thus, the Fourth Circuit concluded defendant's claim was timely. *Id*.

Plaintiff argues that *Kirkpatrick* was an anomaly and is now obsolete because it was decided before Congress amended the IDEA in 2004 to include a two-year statute of limitations for bringing a due process complaint with a state educational agency, and limitations on the time an aggrieved party has to file a civil action in state or federal court contesting the hearing officer's final decision. *See* 20 U.S.C. §§ 1415(b)(6) & (i)(2)(B). Before these amendments, courts would borrow a statute of limitations from the state. Plaintiff argues that if the Court reads *Kirkpatrick* in this context, the Fourth Circuit's reasoning is unpersuasive. Yet, *Kirkpatrick* did not base its decision on a borrowed state statute of limitations; rather, it concluded that it was unnecessary to determine which statute of limitations should apply because under Federal Rule of Civil Procedure 13(a), the counterclaim was compulsory, and therefore timely, regardless of the statute of limitations. 216 F.3d at 387–88. Accordingly, Plaintiff's assertion that the 2004 IDEA amendments rendered the Fourth Circuit's reasoning in *Kirkpatrick* obsolete is unpersuasive.

Additionally, Plaintiff fails to explain how the Third Circuit reached the same conclusion

5

in *Souderton Area Sch. Dist*, 562 F.3d at 529–30 after Congress' passage of the 2004 IDEA amendments. In *Souderton Area Sch. Dist.*, the Third Circuit addressed essentially the same issue—whether a counterclaim is an "action." *Id*. at 529. If the defendant's counterclaim was an action under the IDEA, it was subject to the ninety-day statute of limitations for filing a civil action contesting the due process hearing officer's decision imposed by the 2004 IDEA amendments, and therefore, untimely. 562 F.3d at 529. The Third Circuit reasoned that "[u]nlike the proactive nature of a complaint, a counterclaim is reactive because it is filed only after the plaintiff has initiated the case by bringing a civil action"; and therefore, "a defendant does not 'bring an action' by asserting a counterclaim." *Id*. at 529–30. Consequently, the panel concluded that the timeliness of a counterclaim is not governed by the IDEA statute of limitations, but rather by the Federal Rules of Civil Procedure. *Id*. at 530. In sum, the Third and Fourth Circuits' reasoning is not obsolete, but current and very relevant to this case.

In the case at hand, when Plaintiff filed its complaint (Doc. 1) in federal district court, the action commenced, and the statute of limitations was satisfied. *See* FED. R. CIV. P. 3. At that point, the Federal Rules of Civil Procedure kicked in, and Defendants had twenty-one days to answer the complaint (sixty days if waiving service of process, or ninety days if defendant served outside judicial district). FED. R. CIV. P. 12(a)(1)(A)(I). As part of their answer, Defendants were permitted to assert any compulsory counterclaims they had against Plaintiff "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a). As Plaintiff does not contest the timeliness of Defendants' answer, their counterclaim was also timely.

If Plaintiff's interpretation were adopted, Defendants essentially would have been barred from filing a counterclaim by virtue of the Pecos School Board waiting until the statute of limitations was about to expire to file its complaint. If this were the rule, plaintiffs would be

6

encouraged to wait until the very last day to file a complaint to block adverse parties from filing counterclaims. In the end, this would likely lead to unnecessary litigation as "parties would file 'protective complaints' to preserve issues adjudicated against them, even when they otherwise would countenance the administrative judgment for fear that their adversaries would file complaints just before the statute of limitations expired." *Souderton Area Sch. Dist.*, 562 F.3d at 530.

Still, Plaintiff argues that because Defendants chose not to contest the hearing officer's decision until after the school board filed its complaint, it would be inequitable to toll the statute of limitations, as Defendants could have contested the hearing officer's ruling within the thirty-day statute of limitations, but chose not to. (Doc. 27 at 3–4.) Yet, as *Souderton Area Sch. Dist.* makes clear, Defendants may have largely agreed with the hearing officer's decision, and therefore initially chose not to file a complaint; but, when involuntarily dragged into court, they chose to assert their counterclaim. *Id*. at 530. Faced with the unavoidable burden of litigation, the fundamental calculus of whether to challenge the hearing officer's ruling had clearly changed. To not allow Plaintiff to assert a counterclaim in this situation would be inequitable.

While the Tenth Circuit has not directly addressed the tolling of statute of limitations for compulsory counterclaims in the context of 20 U.S.C. § 1415(i)(2)(B), it has generally approved the tolling or suspending of the running of a statute of limitations for a compulsory counterclaim upon the institution of a plaintiff's suit. *Hartford v. Gibbons & Reed Co.*, 617 F.2d 567, 570 (10th Cir. 1980) (citing 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1419 (1971)). This approach also appears to be the modern, majority view in other circuits:

> Although there is some conflict on the subject, the majority view appears to be that the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim. This approach precludes plaintiff,

7

when the claim and counterclaim are measured by the same period, from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it. Nor is plaintiff apt to be prejudiced by the tolling of the statute, since plaintiff presumably has notice at the time the action is commenced of any counterclaim arising out of the same transaction as the main claim.

6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1419 (3d ed. 2010). As Plaintiff has provided no contrary authority, it would appear that both Tenth Circuit precedent, as well as case law from the majority of other circuits, supports a tolling of the statute of limitations for an adversary's compulsory counterclaim upon the filing of a complaint.

## IV.  CONCLUSION

A compulsory counterclaim is not an "action" within the meaning of 20 U.S.C. § 1415(i)(2)(B) and N.M. CODE R. § 6.31.2.13(I)(25)(a); therefore, the thirty-day statute of limitations for filing a civil action to contest a due process hearing officer's decision does not apply to the filing of a compulsory counterclaim. Instead, counterclaims are considered responsive pleadings, and therefore, their timeliness is governed by the Federal Rules of Civil Procedure. Plaintiff does not contest the timeliness of Defendants' Answer, therefore, Defendants' counterclaim, which was filed contemporaneously with the Answer was also timely.

**WHEREFORE**,

Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 15) is hereby **DENIED**.

_____
**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**